**Richard E. WILMSHURST, Plaintiff–Appellant,**

v.

**Edmund G. BROWN Jr., The Attorney General of the State of California \*; et al., Defendants–Appellees.**

**No. 06–15385.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 \*\*.

Filed April 30, 2007.

Richard E. Wilmshurst, Angels Camp, CA, pro se.

Zackery P. Morazzini, Esq., Attorney General's Office for the State of California,

Sacramento, CA, for Defendants–Appellees.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM \*\*\*

Richard E. Wilmshurst appeals pro se from the district court's judgment dismissing his action pursuant to the *Younger* abstention doctrine. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision to abstain on *Younger* grounds, *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles,* 23 F.3d 218, 221 (9th Cir.1994), and we affirm.

The district court properly dismissed Wilmshurst's action pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). First, there were no "proceedings of substance on the merits" in the federal action at the time the state re-filed criminal charges against Wilmshurst. *See Polykoff v. Collins,* 816 F.2d 1326, 1332 (9th Cir.1987) (holding that district court's refusal to grant a preliminary injunction prior to filing of state case was not a "proceeding of substance on the merits"). Second, the state proceedings implicated an important state interest in firearms regulation. *See Younger,* 401 U.S. at

\* Edmund G. Brown, Jr. is substituted for his predecessor as California Attorney General. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Wilmshurst's request for oral argument is denied.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

43–49, 91 S.Ct. 746 (state criminal proceedings implicate important state interests). Third, Wilmshurst had an adequate opportunity to raise federal questions in the state proceedings. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir.2003) ("*Younger* abstention applies even if the constitutionality of the pending proceedings is at the heart of Plaintiff's claim.").

Finally, the record does not support a finding of bad faith or any other extraordinary circumstance that would render abstention inappropriate. *Id.* at 621 (defining and explaining the exceptions to the *Younger* abstention doctrine).

**AFFIRMED.**